IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICIA K. MARTIN,

    Plaintiff,

v.                                                                                                                          No 1:25-cv-00990-LF[1]

REPUBLICAN PARTY OF NEW MEXICO,

    Defendant.

## ORDER TO SHOW CAUSE

*Pro se* Plaintiff alleges that Trump is unqualified to be president due to his convictions and "[a]ccording to the 13th Amendment of the U.S. Constitution, citizenship is damaged when convictions occur." Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed October 9, 2025 ("Complaint"). Plaintiff asserts that her "right to a president with full citizenship, undamaged by criminal conviction has been denied me." Complaint at 3. Plaintiff believes she is entitled to the following relief: "that the Republican Party withdraw Trump's name from the 2024 election [and] that they disqualify him forever! (13th Amendment means nothing if this isn't done)." Complaint at 5 (emphasis in original).

It appears this case should be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 3, filed October 9, 2025. Plaintiff has paid the filing fee. *See* Doc. 4, filed October 9, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

to 42 U.S.C. § 1983." "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Where the Complaint form asks "was this defendant acting under color of state law," Plaintiff indicated "No." Complaint at 1. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Complaint does not allege that Defendant is a state actor or that Defendant subjected Plaintiff to slavery or involuntary servitude. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

The Court orders Plaintiff to show cause why the Court should not dismiss this case. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)). If Plaintiff asserts the Court should not dismiss this case, Plaintiff must file an amended complaint. The amended complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The amended complaint must also comply with the Federal and Local Rules of Civil Procedure.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case; and (ii) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
Laura Fashing
United States Magistrate Judge