# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICIA K. MARTIN,

      Plaintiff,

vs.                                                                    No. CIV 25-0990 JB/LF

STEVE PEARCE and
AMY BARELA,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rule 12(b)(1) of the Federal Rules of Civil Procedure, on the Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 4, 2025 (Doc. 6)("Amended Complaint"). Plaintiff Patricia K. Martin appears pro se. For the reasons below, the Court: (i) dismisses without prejudice the claims that Martin asserts; (ii) dismisses the Amended Complaint; and (iii) dismisses this case.

## PROCEDURAL BACKGROUND

Martin alleges that President Donald J. Trump is unqualified to be President because of his convictions, and "[a]ccording to the 13th Amendment of the U.S. Constitution, citizenship is damaged when convictions occur." Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed October 9, 2025 (Doc. 1)("Complaint"), ¶ (B)(1), at 2. Martin asserts that her "right to a president with full citizenship, undamaged by criminal conviction has been denied me." Complaint, ¶ (C)(1) at 3. Martin states that she believes she is entitled to the following relief: "that the Republican Party withdraw Trump's name from the 2024 election [and] that they <u>disqualify</u> him forever! (13th Amendment means nothing if this isn't done)." Complaint ¶ (E)(1) at 5 (emphasis in original). The sole Defendant named in the Complaint was the Republican Party of New Mexico. <u>See</u> Complaint, ¶ (A)(2), at 1.

The Honorable Laura Fashing, United States Magistrate Judge for the United States District

Court for the District of New Mexico, notifies Martin:

> It appears this case should be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Where the Complaint form asks "was this defendant acting under color of state law," Plaintiff indicated "No." Complaint at 1. The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." The Complaint does not allege that Defendant is a state actor or that Defendant subjected Plaintiff to slavery or involuntary servitude. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law")(quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Order to Show Cause at 1-2, filed October 14, 2025 (Doc. 5). Magistrate Judge Fashing orders

Martin to show cause why the Court should not dismiss this case and to file an amended complaint.

See Order to Show Cause at 4.

Martin files an Amended Complaint naming Steve Pearce, "2024 Chairman, Republican

Party of NM," and Amy Barela, "2024 First Vice Chair of NM Republican Party," as Defendants

and contends that Pearce and Barela are acting under color of state law, because "the Republican

Party operates under state law when filing candidates for an election ballot." Amended Complaint,

¶ (A)(2), at 1. Martin alleges that the Defendants deprive her of her First Amendment Right to

freedom of speech, including to protest, and "protection of a stable, benevolent government" by

putting Donald Trump on the ballot knowing that he is a violent, convicted criminal. Amended

Complaint, ¶¶ (B)-(C), at 2-3. Martin seeks, among other things, that "Trump, Vance, Cabinet,

Staff, Press Secretaries, Advisors, Ambassadors, Border Czars and anyone else appointed or

installed by this Administration be disqualified and removed for cause."  Amended Complaint, ¶ (E)(1), at 5.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [the plaintiff's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING STANDING

A federal court may hear cases only where the plaintiff has standing to sue.  See Summers v. Earth Island Institute, 555 U.S. 488, 492-93 (2009). The plaintiff bears the burden  of establishing standing.  See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998).  The plaintiff "must 'allege . . . facts essential to show jurisdiction.  If [they] fai[l] to make the necessary allegations, [they have] no standing.'"  FW/PBS v. City of Dallas, 493 U.S. 215, 231 (1990)(quoting McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178,  189 (1936))(brackets in FW/PBS v. City of Dallas, but not in McNutt v. Gen. Motors Acceptance Corp. of Indiana).  Moreover, where the defendant challenges standing, a court must presume lack of jurisdiction "unless 'the contrary appears affirmatively from

the record.'" Renne v. Geary, 501 U.S. 312, 316 (1991)(quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).  "It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the record.'" Phelps v. Hamilton, 122 F.3d 1309, 1326 (10th Cir. 1997)(quoting FW/PBS v. City of Dallas, 493 U.S. at 231).

"Article III of the Constitution limits the jurisdiction of federal courts to Cases and Controversies." San Juan Cnty., Utah v. United States, 503 F.3d 1163, 1171 (10th Cir. 2007)(en banc). See U.S. Const. art. III, § 2.  "[A] suit does not present a Case or Controversy unless the plaintiff satisfies the requirements of Article III standing." San Juan Cty., Utah v. United States, 503 F.3d at 1171.  To establish standing, a plaintiff must show three things: "(1) 'an injury in fact that is both concrete and particularized as well as actual or imminent'; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." Protocols, LLC v. Leavitt, 549 F.3d 1294, 1298 (10th Cir. 2008)(quoting Wyoming ex rel. Crank v. United States, 539 F.3d 1236, 1241 (10th Cir. 2008)).

"Standing is determined as of the time the action is brought."  Smith v. U.S. Court of Appeals, for the Tenth Circuit, 484 F.3d 1281, 1285 (10th Cir. 2007)(quoting Nova Health Sys. v. Gandy, 416 F.3d 1149, 1154 (10th Cir. 2005)(Ebel, J.)).  In Smith v. U.S. Court of Appeals, for the Tenth Circuit, the Tenth Circuit rejects a plaintiff's standing to challenge the Colorado appellate courts' practice of deciding cases in non-precedential, unpublished opinions, which the plaintiff asserts allows courts to affirm incorrect decisions without interfering with official, "published" law.  484 F.3d at 1285.  The Tenth Circuit notes that the plaintiff recently had took his State appeal and, therefore,

> was in no position to challenge the adequacy of state appellate review in cases
> culminating in unpublished opinions unless he could show that he would in fact

receive such review from the state court of appeals (and from the state supreme
court as well, if it took the case on certiorari).

484 F.3d at 1285.

By contrast, in <u>Nova Health Sys. v. Gandy</u>, the Tenth Circuit concludes that abortion providers have standing to challenge an Oklahoma parental-notification law on the grounds that they are in imminent danger of losing patients because of the new law.  <u>See</u> 416 F.3d 1154. Although determining that there is standing, the Tenth Circuit is careful to frame the issue as whether, "as of June 2001 [the time the lawsuit is filed]," Nova Health faces any imminent likelihood that it will lose some minor patients seeking abortions.  416 F.3d at 1155.  Moreover, while focusing on the time of filing, the Tenth Circuit allows the use of evidence from later events -- prospective patients lost because of the notification law after the lawsuit begins -- to demonstrate that the plaintiff faces an imminent threat as of the time of filing.  <u>See</u> 416 F.3d at 1155.

In construing the standing doctrine, the Court has determined that an attorney running for office as a Court of Appeals of New Mexico judge lacks standing when that attorney alleges that the New Mexico attorney disciplinary counsel harms his chances of election when the counsel publishes a summary suspension petition about him.    <u>See</u>    <u>League of United Latin American Citizens v. Ferrera</u>, 792 F. Supp. 2d 1222, 1233-39 (D.N.M. 2011)(Browning, J.).  The Court concludes that the attorney does not have standing, because the suspension petition's facts "were already known to voters" through the aggressive campaign tactics of the attorney's election rival, so the harm is not "fairly traceable to the Defendant's action."  792 F. Supp. 2d at 1238-39. The Court has determined, however, that a woman has standing to challenge a New Mexico criminal statute's constitutionality, even though the State has not yet filed charges against the woman, because the district attorney has not attested that he will not bring charges under the challenged statute.    <u>See</u> <u>Payne v. Wilder</u>, 2017 WL 2257390, at *38 (D.N.M. January 3,

2017)(Browning, J.).  The Court reasons that an injury in fact exists, despite the lack of a charge, because the district attorney's refusal to foreswear a prosecution demonstrates a "credible threat of prosecution." Payne v. Wilder, 2017 WL 2257390, at *38.  In addition to the cases listed above, the Court has adjudicated standing issues many times. See, e.g., Abraham v. WPX Production Productions, LLC, 184 F. Supp. 3d 1150, 1197 (D.N.M. 2016)(Browning, J.)(concluding that oil-well royalty owners have standing to assert a breach of the implied duty to market under New Mexico and Colorado law);  Northern New Mexicans Protecting Land  Water and Rights v. United States, 161      F. Supp. 3d    1020,   1042  (D.N.M.  2016)(Browning, J.)(concluding  that  an association  lacks  standing  to  sue  on  behalf  of  its  members,  because the relief sought is damages);  Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest  Service, 140  F. Supp. 3d 1123, 1170-75  (D.N.M.  2015)(Browning,  J.)(concluding  that livestock association whose members have ancestral ties to grazing land in Northern New Mexico have  standing  to  bring  a  NEPA claim);  Alto Eldorado Partners v. City of Santa Fe, 2009  WL 1312856, at *21, 25 (D.N.M. March 11, 2009)(Browning, J.)(concluding that a developer does not have standing to challenge a city ordinance, because the ordinance affects him only if he  "lost his current permits," which, at the time of the lawsuit, he has not lost).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court: (i) dismisses Martin's claims without prejudice; (ii) dismisses the Amended Complaint; and (iii) dismisses this action. The Amended Complaint does not show that Martin's alleged injury is fairly traceable to the Defendants' conduct.

> "[T]o show that an injury is 'fairly traceable' to the challenged conduct, a plaintiff must allege 'a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact.'" Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, 993 F.3d 802, 814 (10th Cir. 2021)(quoting Nova Health Sys. v. Gandy, 416 F.3d 1149,

1156 (10th Cir. 2005)). A defendant satisfies the causation "requirement by advancing allegations which, if proven, allow for the conclusion that the challenged conduct is a 'but for' cause of the injury"; however, this showing "does not require a plaintiff to establish that the defendant was the proximate cause of its injury." Santa Fe All. for Pub. Health & Safety v. City of Santa Fe, 993 F.3d at 814 (quoting Petrella v. Brownback, 697 F.3d 1285, 1293 (10th Cir. 2012)).

Vigil v. Federal Emergency Management Agency, No. CIV 23-0941 JB, 2024 WL 2404487, *26 (D.N.M.)(Browning, J.). The Amended Complaint indicates the actions of Trump and other government officials are the cause of Plaintiff's alleged injuries. See Habecker v. Town of Estes Park, Colo., 518 F.3d 1217, 1223-24 (10th Cir. 2008)(explaining that where the independent action of some third party not before the court, rather than that of the defendant, is the direct cause of the plaintiff's harm, causation may be lacking; if speculative inferences are necessary to connect a plaintiff's injury to the challenged action, the burden of proving that the defendant's conduct causes the plaintiff's injury is not met). The Court, therefore, dismisses: (i) Martin's claims without prejudice; (ii) the Amended Complaint; and (iii) this action.

        **IT IS ORDERED** that: (i) the Plaintiff's claims are dismissed without prejudice; (ii) the Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 4, 2025 (Doc. 6), is dismissed without prejudice; and (iii) this action is dismissed without prejudice.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Parties:*

Patricia K. Martin
Albuquerque, New Mexico

        *Plaintiff pro se*

- 7 -